**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
MIAMI DIVISION

"IN ADMIRALTY"

CROWLEY MARITIME CORPORATION,

        Plaintiff,

vs.                                      CASE NO.:

RAPID TOW, LLC,

        Defendant.

_____/

## COMPLAINT

    Plaintiff, CROWLEY MARITIME CORPORATION (hereinafter "CROWLEY"), by and through its undersigned counsel files herewith this Complaint against RAPID TOW, LLC (hereinafter "RAPID TOW") and for cause of action *in personam* states as follows:

### JURISDICTION

    1.   This Court has subject matter jurisdiction in accordance with 28 U.S.C. § 1333(1) and the principles of supplemental jurisdiction outlined in 28 U.S.C. § 1367(a).  Plaintiff is seeking to enforce rights contained in maritime contracts, making this an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

### VENUE

    2.   Venue in this district is proper.  A substantial part of the events giving rise to the claims asserted by Plaintiff occurred within the territorial limits of the United States District Court for the Southern District of Florida, namely Port Everglades, Florida.  In addition, Defendant maintains an office for transaction of its customary business in Miami-Dade County, Florida.  Furthermore, in

accordance with the forum selection clause contained in the Credit Agreement annexed as Exhibit "A", venue lies in the United States District Court for the Southern District of Florida.

## THE PARTIES

3.   CROWLEY MARITIME CORPORATION is a shipping line that engages in a diversified range of marine solutions and logistics services, including, but not limited to, containerized ocean cargo transportation.

4.   Upon information and belief, RAPID TOW, LLC is a Florida limited liability company that maintains a Non-Vessel Operating Common Carrier (NVOCC) license with the Federal Maritime Commission.

## GENERAL ALLEGATIONS

5.   On or about July 20, 2017, RAPID TOW submitted a written credit application to CROWLEY and was subsequently approved for a business line of credit by Plaintiff.  A copy of said Credit Application and Agreement is attached as Exhibit "A".

6.   Between November 2018 and February 2019, at the request and direction of RAPID TOW, CROWLEY shipped goods aboard ocean vessels from Port Everglades, Florida to various international ports of discharge and delivered said goods to the named consignees.

7.   The ocean freight and related charges agreed to as compensation for the transportation related activities described in the preceding paragraph are itemized on the account statement attached as Exhibit "B".

8.   Despite repeated demands for payment of the ocean freight and related charges owed for the shipments, RAPID TOW failed to compensate CROWLEY for its services within the credit period outlined in the Credit Application and Agreement attached as Exhibit "A".  As a result, CROWLEY retained counsel on or about March 5, 2019.  On the date counsel was retained, the outstanding balance owed by RAPID TOW to CROWLEY was $92,267.00.

9.   Over the past couple of months, RAPID TOW made periodic payments to CROWLEY.  In

recent weeks, Defendant stopped making payments towards the outstanding debt and ceased all communications with Plaintiff and its counsel.

10. A sample ocean bill of lading prepared by CROWLEY for one of the shipments booked by RAPID TOW is attached as Exhibit "C".

11. A copy of the Terms and Conditions that apply to ocean bills of lading issued by CROWLEY are annexed as Exhibit "D".  Said terms are printed on the reverse side of every bill of lading issued by Plaintiff.

12. Paragraph 21 of the bill of lading contract attached as Exhibit "D" obligates RAPID TOW, the named shipper, to pay the ocean freight and related charges invoiced by CROWLEY.

13. RAPID TOW has failed and refused to pay $64,602.00 in ocean freight and related charges owed to CROWLEY and the Defendant is not entitled to any offset against said indebtedness.

14. In accordance with the terms and conditions of the credit agreement, Defendant is liable to CROWLEY for liquidated damages in the amount of $23,066.75 for failure to pay the freight charges within thirty (30) days after the date of sailing from the port at which the Goods were loaded.  *See* Exhibit "A".

## COUNT I – BREACH OF CONTRACT
(Ocean Bills of Lading)

15. CROWLEY repeats and realleges the allegations set forth in Paragraphs 1 through 14 as if fully set forth herein.

16. Between  November 2018 and February 2019, valid contracts were formed when CROWLEY agreed to transport cargo from Port Everglades, Florida to international ports of discharge in exchange for transportation charges to be paid by RAPID TOW.  Said ocean freight and related charges are itemized on the account statement attached as Exhibit "B".

17. CROWLEY performed its contractual obligations, as well as all conditions precedent necessary to bring this action, by transporting cargo for the Defendant and delivering said goods to the consignees named on the ocean bills of lading.

18. RAPID TOW committed a material breach of Paragraph 21 of the bill of lading contract attached as Exhibit "D" by failing to compensate CROWLEY for the ocean freight and related charges earned by the carrier.

19. CROWLEY has suffered damages in the amount of $64,602.00.

WHEREFORE, the Plaintiff, CROWLEY MARITIME CORPORATION, respectfully requests for this Court to enter judgment against the Defendant, RAPID TOW, LLC, for damages in the amount of $64,602.00, interest, contractual attorney's fees in accordance with Paragraph 21 of the bill of lading terms and conditions, taxable costs and disbursements of this action and any other and further relief as may be just and proper under the circumstances.

## COUNT II – BREACH OF CONTRACT
(Credit Agreement)

20. CROWLEY repeats and realleges the allegations set forth in Paragraphs 1 through 14 as if fully set forth herein.

21. On or about July 20, 2017, a valid contract was formed when CROWLEY agreed to extend credit to RAPID TOW in exchange for all ocean freight and related charges to be paid within thirty (30) days after date of sailing from the port at which the goods were loaded.  *See* Exhibit "A".

22. CROWLEY performed its contractual obligations, as well as all conditions precedent necessary to bring this action, by extending credit to RAPID TOW and delivering the goods to the consignees named on the ocean bills of lading.

23. RAPID TOW committed a material breach of the credit agreement attached as Exhibit "A" by failing to compensate CROWLEY for the ocean freight and related charges owed to the carrier within the credit period.

24. CROWLEY has suffered damages in the amount of $87,668.75.

WHEREFORE, the Plaintiff, CROWLEY MARITIME CORPORATION, respectfully requests for this Court to enter judgment against the Defendant, RAPID TOW, LLC, for damages in

the amount of $87,668.75, taxable costs and disbursements of this action and any other and further

relief as may be just and proper under the circumstances.

Respectfully submitted at Miami, Florida this 13th day of May, 2019.


**DEE M. DOLVIN, P.A.**
*Attorney for Plaintiff*
P.O. Box 310424
Miami, Florida  33231
Telephone:  (305) 318-1919
E-mail:  Dee@DeeMDolvin.com

By:_____
     /s/ Dee M. Dolvin
     DEE M. DOLVIN
     Florida Bar No.:  707491